| | |
|---|---|
| STATE OF MAINE | SUPERIOR COURT |
| CUMBERLAND, SS | CIVIL ACTION |
| | DOCKET NO. CV- |

PETER CONSTANTINO,

    Plaintiff,

v.

SHAW'S SUPERMARKETS, INC.

    Defendant.

## CLASS ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, files this Class Action Complaint for unpaid wages against Shaw's Supermarkets, Inc.

### STATEMENT OF THE CASE

1. Plaintiff Peter Constantino and those similarly situated are currently, or were formerly, employed at various times by Defendant Shaw's Supermarket's Inc. ("Shaw's") as truck drivers.

2. Plaintiff Constantino and those similarly situated were tasked with delivering goods all across New England.

3. Defendant Shaw's paid many of its drivers, including Plaintiff Constantino and those similarly situated, on a mileage basis – either $.62 or $.625.

4. Defendant Shaw's pay structure did not take into account times it requires drivers to spend reporting for work, checking in, and making routine and required inspections on the trucks before the day.

5. Accordingly, Defendant Shaw's failed to properly compensate Plaintiff Constantino and those similarly situated for all time worked.

14. For these driving tasks, Plaintiff Constantino and those similarly situated were paid approximately $.62 per mile.

15. Further, among other non-driving tasks, Shaw's requires drivers like Plaintiff Constantino and those similarly situated to:

    a. perform a safety inspection pre- and post-trip; and

    b. its product is delivered to the correct store by checking pallet tags; and

    c. arrange pallets and secure them in the trailer.

16. For these and most other non-driving tasks, Plaintiff Constantino and those similarly situated were paid nothing.

### DEFENDANT SHAW'S FAILED TO CORRECT THEIR FAILURE TO PAY PLAINTIFF CONSTANTINO

17. Plaintiff Constantino demanded all unpaid on his behalf and on behalf of all those similarly through union grievance in or around November 2018.

18. Defendant Shaw's failed to pay Plaintiff Constantino and those similarly situated within eight days of the pay date for those payments and within eight days of receipt of demand.

### RULE 23 CLASS ACTION ALLEGATIONS

19. The named Plaintiff Constantino re-alleges each of the allegations in the paragraphs above, and incorporates the same herein as though set out at length.

20. The named Plaintiff Constantino asserts his claims as a class action pursuant to Rule 23(a) and 23(b)(2) and (3) of the Maine Rules of Civil Procedure on her own behalf and on behalf of the below defined classes.

21. This class action is brought on behalf of Plaintiff Constantino and the putative class members (defined below) to: recover damages, liquidated damages, attorneys' fees and costs for Defendant Shaw's failure to pay all wages when due and for imposing an unfair agreement upon

Plaintiff Constantino and the putative class members pursuant to 26 M.R.S. §§ 621-A, 626, 626-A and 629.

22. Defendant Shaw's injured Plaintiff Constantino and the putative class members by illegally failing to pay all wages when due and for failing to pay for all work time, in violation of 26 M.R.S. §§ 621-A, 626, 626-A and 629.

23. Pending any modifications necessitated by discovery, named Plaintiff Constantino defines the following class:

> ALL CURRENT AND FORMER EMPLOYEES OF SHAW'S SUPERMARKETS, INC. THAT WORKED AS DRIVERS AND WERE NOT PAID FOR ALL TIME WORKED.

24. The class is so numerous that joinder of all potential class members is impracticable. Named Plaintiff Constantino does not know the exact size of the classes since that information is within the control of Defendant Shaw's.

25. Based upon the number of drivers employed by Shaw's, the named Plaintiff estimates that the class is made up of dozens of current and former employees of Defendant. The exact size of the class will be ascertainable from Defendant's records.

26. There are questions of law and fact common to the class that predominate over any individual issues that might exist. Common questions of law and fact include: (i) whether Defendant paid drivers for all times.

27. The class claims asserted by the named Plaintiff Constantino are typical of the claims of all of the potential class members of the putative class. This is an uncomplicated case of unpaid wages that should be mathematically ascertainable from business records and the class claims are typical of those pursued by victims of these violations. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because .

numerous identical lawsuits alleging similar or identical causes of action would not serve the interests of judicial economy.

28. The named Plaintiff Constantino will fairly and adequately protect and represent the interests of each class. He was both an employee of Defendant and was a victim of the same violations of law as other class members.

29. The named Plaintiff Constantino is represented by counsel experienced in wage and hour litigation.

30. The prosecution of separate actions by the individual potential class members would create a risk of inconsistent or varying adjudications with respect to individual putative class members that would establish incompatible standards of conduct for Defendant.

31. Each class member's claim is relatively small. Thus, the interest of potential class members in individually controlling the prosecution or defense of separate actions is slight. In addition, public policy supports the broad remedial purposes of class actions in general and the pertinent state laws are appropriate vehicles to vindicate the rights of those employees with small claims as part of the larger class.

32. Named Plaintiff Constantino is unaware of any members of the putative classes who are interested in presenting their claims in a separate action.

33. Named Plaintiff Constantino is unaware of any pending litigation commenced by members of any of the classes concerning the instant controversy.

34. It is desirable to concentrate this litigation in one forum.

35. This class action will not be difficult to manage due to the uniformity of claims among the class members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

36. The contours of the class will be easily defined by reference to payroll documents.

37. Defendant Shaw's was legally required to create and maintain, pursuant to FLSA and its regulations, including 29 C.F.R. § 516.2 along with analogous law in Maine, detailed payroll records. Notice will be easily distributed as all members of the putative class are or were recently employed by Defendant Shaw's, who was required to create and maintain records containing the mailing addresses of each such class member.

## CLAIMS FOR RELIEF

### COUNT I:
### BREACH OF MAINE WAGE PAYMENT LAW.
### 26 M.R.S. § 626-A
### ON BEHALF OF NAMED PLAINTIFF CONSTANTINO
### AND THE CLASS

38. Named Plaintiff Constantino incorporates all previous paragraphs.

39. The named Plaintiff Constantino asserts this claim on his behalf and on behalf of the class.

40. The Defendant employed Plaintiff Constantino and class as drivers.

41. The Defendant required Plaintiff Constantino and the class members to complete non-driving related tasks for no pay.

42. The Defendant failed to pay Plaintiff Constantino and the class for all hours worked as required under 26 M.R.S. § 629 by engaging him and the class in non-compensatory activities for the benefit of the employer, specifically non-driving related tasks.

43. The Defendant failed to pay all wages due Plaintiff Constantino and the class on payday as required under 26 M.R.S. § 621-A.

44. Defendant indisputably owed Plaintiff Constantino and the class payment of all wages due. Such payment was not made within eight days of the due date, nor within eight days of the demand.

45. Accordingly, the Defendant is liable pursuant to 26 M.R.S. § 626-A for unpaid wages, and, a reasonable rate of interest, costs of suit including reasonable attorneys' fee, and an additional amount equal to twice the amount of unpaid wages as liquidated damages.

46. Accordingly, the Defendant is liable pursuant to 26 M.R.S. § 626-A for unpaid wages, and, a reasonable rate of interest, costs of suit including reasonable attorneys' fee, and an additional amount equal to twice the amount of unpaid wages as liquidated damages.

## COUNT II
## BREACH OF CONTRACT OR UNJUST ENRICHMENT/QUASICONTRACT ON BEHALF OF NAMED PLAINTIFF CONSTANTINO AND THE CLASS

47. Named Plaintiff Constantino incorporates all previous paragraphs.

48. The named Plaintiff Constantino asserts this claim on his own behalf and on behalf of the class.

49. The Defendant entered into employment agreements with the named Plaintiff Constantino and the class.

50. These agreements incorporated all applicable state and federal laws including those creating an overtime pay rate and requiring payment for all hours worked or alternatively any illegal term in the contracts must be replaced by the court in equity.

51. The Defendant breached these agreements by failing to pay the named Plaintiff Constantino and those similarly situated for all hours worked.

52. The Defendant owes damages in law and equity, or alternatively must be disgorged from their ill-gotten gains.

## DEMAND FOR JURY TRIAL

53. Plaintiff Constantino demands a jury for all issues so triable.

## PRAYER FOR RELIEF

Plaintiff Constantino respectfully requests that this Court enter an order or orders:

a. Certifying the Rule 23 Class;

b. Awarding Plaintiff Constantino and the class damages, liquidated damages and penalties pursuant to 26 M.R.S.A. § 626-A;

c. Awarding Plaintiff Constantino and class costs and attorneys' fees and pre- and post-judgment interest as permitted by law;

d. Awarding Plaintiff Constantino and the class damages for breach of contract or unjust enrichment;

e. Granting such other relief as this Court deems just and proper.

Dated: September 16, 2020

Respectfully Submitted,

Peter Mancuso, Esq.
Bar No. 005521

Andrew Schmidt Law, PLLC
97 India St.
Portland, Maine 04101
(207) 619-0884
peter@maineworkerjustice.com

*Attorneys for Plaintiffs*